Nancy L. LONG, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 01–5951.

United States Court of Appeals, Sixth Circuit.

Jan. 3, 2003.

Before KEITH, KRUPANSKY, and CLAY, Circuit Judges.

PER CURIAM.

On this appeal, Plaintiff–Appellant, Nancy L. Long ("Long") appeals the district court's grant of a summary judgment motion affirming the denial of her claim for social security disability benefits by Defendant–Appellee, the Commissioner of Social Security ("Commissioner"). Long filed an application for Social Security Disability Insurance Benefits under Title II and Title XVI of the Social Security Act on June 30, 1997 alleging disability due to migraine headaches, hypertension, and arthritis. Her application was denied by the Commissioner.

After a hearing before Administrative Law Judge ("ALJ") G. Wade Green on June 30, 1998, Long was found not to be disabled in a decision dated August 15, 1998. The Appeals Council then denied Long's subsequent request for review on March 9, 2000. Thereafter, on May 10, 2000, Long filed a timely complaint in the District Court for the Eastern District of Tennessee.

Upon the filing of memoranda by both parties, United States Magistrate Judge William B. Carter issued a Report and Recommendation on April 20, 2001 concluding that the Commissioner's decision should be upheld. Long filed objections to the Magistrate Judge's Report and Recommendation on April 27, 2001. On May 16, 2001, United States District Judge Curtis L. Collier entered an Order accepting and adopting the Magistrate Judge's Report and Recommendation.

We review a district court's grant of summary judgment in a case involving denial of social security disability benefits *de novo. Walker v. Secretary of Health and Human Services*, 980 F.2d 1066, 1069 (6th Cir.1992). Further, judicial review of the Commissioner's decision to deny benefits revolves around whether the findings and decision of the Commissioner are supported by substantial evidence. Substantial evidence means "more than a mere scintilla ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tyra v. Secretary of Health and Human Services*, 896 F.2d 1024 (6th Cir.1990). Generally, our Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner even if it finds that the evidence "preponderates against the Commissioner's decision." *Crisp v. Secretary of Health and Human Services*, 790 F.2d 450 (6th Cir.1986). As a result, the ALJ's findings should be affirmed by our Court if supported by substantial evidence. *Tyra*, 896 F.2d at 1028.

In the case at bar, the district court correctly relied upon our reasoning in *McCormick v. Secretary of Health and Human Services*, 861 F.2d 998 (6th Cir. 1988). In *McCormick*, we determined that the claimant failed to introduce objective medical evidence to support the existence or severity of alleged migraine headaches. Like the instant case, the claimant in *McCormick* submitted evidence of diagnostic sessions with a physician, during which headache pain was discussed and treated. However, we did not find that McCormick's subjective complaints of pain during the physician visits, or the eventual diagnosis of claimant's condition, were credible enough to rise to the level of "objective medical evidence."

We find that Long has failed to distinguish her situation from that of *McCor-mick*. In both cases, a diagnosis of migraine headaches was made, and the headaches were noted to occur as often as several times a week. Additionally, brain scans and EEG exams were normal in both cases. Most importantly, however, the lack of objective evidence substantiating the alleged disabling headaches is what precludes the allowance of disability benefits in these two situations. Accordingly, we hold that the district court properly found that Long did not introduce sufficient objective evidence to support the existence or severity of her allegedly disabling headaches.

We are not persuaded that the district court erred in granting summary judgment in favor of the Commissioner. Accordingly, we AFFIRM the judgment of the district court for the reasons set out above.